# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO RIVERA CASANOVA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 14-cr-0312-L<br>18-cv-2907-L<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. 80]** |

Petitioner Roberto Rivera Casanova, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, § 2255 (the "Petition"). (*See* Petition [ECF NO. 80].) Respondent United States of America opposes. (*See Opposition* [ECF NO. 82].) For the reasons discussed below, the Court **DENIES** the Petition.

**I.    BACKGROUND**

On January 29, 2014, Customs and Border Protections Officers arrested Petitioner after 38 kilograms of cocaine, 6.81 kilograms of pure methamphetamine and 1 kilogram of heroin were discovered in hidden compartments in his car. Petitioner's wife and three

1

children under the age of thirteen were also in the car with him. Petitioner was charged with importation of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.

On November 3, 2014, Petitioner pleaded guilty pursuant to a plea agreement for knowingly importing methamphetamine into the United States in violation of 21 U.S.C. §§ 952 and 960. (*See* Plea Agreement [Doc. 38].) As part of the plea agreement, Petitioner agreed to waive his right to appeal and collaterally attack his conviction and sentence. (*See id.* at ¶ XI.) On April 13, 2015, this Court sentenced Petitioner to 132 months in custody followed by three years of supervised release. (*See Judgment* [Doc. 52].)

Petitioner appealed his sentence on April 21, 2015, raising two grounds: (1) the district court erred by denying his fourth request for a new attorney; and (2) the Court erroneously relied solely on the amount of drugs in Petitioner's possession when it denied a minor-role adjustment. (*See Notice of Appeal* [ECF NO. 53].) The Ninth Circuit affirmed Petitioner's sentence in a memorandum disposition. *See United States v. Rivera Casanova*, 15-50180 (9th Cir. 2016) [ECF NO.76]. Petitioner filed a writ of certiorari with the United States Supreme Court which was denied on October 2, 2017. *See* # 45 Ninth Circuit Docket.

Petitioner filed the current motion pursuant to section 2255 on December 24, 2018. On February 7, 2019, Respondent filed a response in opposition.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

2

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. *See United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). But this remedy does not encompass all claimed errors in conviction and sentencing. *Id.* at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)).

A defendant can waive the right to collaterally attack his conviction and sentence if the waiver is knowingly and voluntarily made. *United States v. Leniear*, 574 F.3d 668, 672 n.3 (9th Cir. 2009). However, a defendant may collaterally attack his sentence via §2255 if he raises a claim of ineffective assistance of counsel. *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

### III. DISCUSSION

#### A. Timeliness and Waiver

As a primary matter, the government contends that the Petition must be denied because it was filed past the one-year statute of limitations that applies to petitions under section 2255. (Oppo. at 10).

Under section 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

14-cr-0312-L
18-cv-2907-L

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's case became final when the United States Supreme Court denied his writ of certiorari on October 2, 2017, making the deadline to file his section 2255 motion October 2, 2018. Petitioner filed the current Petition on December 24, 2018, over two months past the statutory deadline. Petitioner has not asserted any defenses for his untimeliness, therefore the Petition was not filed within the applicable statute of limitations and the Court may dismiss it on this ground. 28 U.S.C. 2255(f).

Moreover, the Petition is barred by the plea agreement appellate waiver to the extent Petitioner is raising challenges to his conviction and sentence other than ineffective assistance of counsel. In the plea agreement, Petitioner agreed that he would waive "to the full extent of the law, any right to appeal or to collaterally attack the sentence…unless the Court imposed a custodial sentence above the high end of the guideline range as recommended by the Government, at the time of sentencing." (Plea at 10). The plea agreement was initialed on every page by Petitioner indicating he knowingly and voluntarily agreed to its terms. (*Id.*) Even if Petitioner's claims were not procedurally barred, they fail on the merits as illustrated below.

### B. The Petition Lacks Merit.

Petitioner argues that his attorney provided deficient representation by failing to object to the Court's decision to deny minor role based on drug amount alone, and by failing to draw the Court's attention to the other factors it should have considered. (*Pet.* 8.) Petitioner contends that counsel should have directed the Court to Amendment 794 of the United States Sentencing Guidelines which amended the minor role commentary in U.S.S.G. § 3B1.2 note 3 to provide a non-exhaustive list of factors to be considered by the sentencing court when determining if a defendant qualifies for a minor role adjustment.

4

(*Id.*) Because drug quantity is only one factor to be considered under the amended commentary, Petitioner contends defense counsel erred in failing to object to the Court's denial of minor role based solely on drug quantity.

Respondent argues that Petitioner is impermissibly attempting to raise the same substantive challenge to the Court's refusal to grant him a minor role reduction as he raised in his direct appeal to the Ninth Circuit, but section 2255 may not be used to relitigate questions which have already been adjudicated on direct appeal. (Oppo. at 12). To the extent the claims are correctly pled as ineffective assistance of counsel, Respondent contends Petitioner has failed to establish a valid claim because his attorney's performance was not deficient and he did not suffer prejudice as a result of counsel's performance. (*Oppo* at 14.)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction. First, petitioner must show that counsel's performance was deficient. *Id.* at 687. In order to prove deficient performance, petitioner must demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In other words, petitioner must demonstrate that counsel's representation fell below an *objective* standard of reasonableness, considering all the circumstances presented in a particular case. *Id.* at 688. The Supreme Court further elaborated that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* at 699.

To satisfy the second prong of the *Strickland,* petitioner must prove that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In order to prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.* Otherwise stated, the petitioner must

5

demonstrate that there is a reasonable probability that, but for counsel's defective assistance, the result of the proceeding would have been different. *Id.* at 694.

The Court finds no merit to Petitioner's claim that counsel provided deficient performance by failing to challenge the Court's reliance on drug quantity to deny a minor role adjustment. The Ninth Circuit has repeatedly "recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction," noting that it is unlikely that such large amounts of drugs would be "entrusted to a minor player." *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Here, Petitioner had 38 kilograms of cocaine, 6.81 kilograms of pure methamphetamine and 1 kilogram of heroin hidden in compartments in his car. The Court stated that the "combined total value of all these drugs is $913,480," and held, "I cannot give the defendant a minor role for this amount of drugs that he has in his vehicle." The Ninth Circuit upheld the Court's denial of a minor-role adjustment noting that the "stated rationale for rejecting Rivera Casanova's request" was adequate. *United States v. Rivera Casanova*, 671 Fed. Appx. 594 (9th Cir. 2016)(unpublished). It would have been futile for defense counsel to challenge the Court's reasoning to deny minor role based on the quantity of drugs because the Court's determination was supported by controlling authority. *See United States v. Shah*, 878 F.2d 1156, 1162 (9th Cir.) (failure to raise a meritless legal argument is not ineffective assistance of counsel).

Yet despite denying minor role, the Court considered memoranda filed by the parties, including defense counsel's request for minor role departure based on his status as a courier and a recommendation that Petitioner serve a sentence of 60 months. The Court weighed this request against the aggravating factors raised in the Government's sentencing papers such as the complexity of the hidden compartments, the fact that Petitioner brought his minor children along as "cover," and the fact that he had crossed the border via the SENTRI lanes 35 times leading up to the time of the offense. After evaluating the various section 3553 factors, the Court departed downward significantly

6

from the applicable guideline range of 210-262 months custody, to impose a sentence of 132 months custody.

The Court further finds that there is no merit to Petitioner's claim that trial counsel erred by failing to argue that he was entitled to the benefit of Amendment 794 of the sentencing guidelines. In 2015, the Sentencing Commission amended the commentary to § 3B1.2, the mitigating role sentence reduction, to add a non-exhaustive list of factors to be considered when a court is determining if a defendant qualifies for a minor role reduction. *See* U.S.S.G. § 3B1.2; supp. to app. C amend. 794. The Amendment may be applied retroactively.

Petitioner's sentencing took place almost six months before the Amendment was enacted, therefore his attorney did not provide deficient performance for failing to call the Court's attention to changes in the guidelines that weren't in effect at the time of sentencing. Moreover, the Ninth Circuit found that even if the Amendment commentary was applied retroactively to Petitioner's claim, he was not entitled to resentencing, holding the Court was "satisfied that the district court's stated rationale for rejecting Rivera Casanova's request for a reduction remains adequate under the revised commentary." 671 F.App'x 594, 595 (9th Cir 2016). For these reasons, the Court finds no merit to Petitioner's claims that he received ineffective assistance of counsel, and **DENIES** the Petition.[1]

---

[1] Petitioner requests that the Court construe his petition as a motion for relief pursuant to 18 U.S.C. § 3582(c)(2) if the Court determines that these claims are not properly considered under 28 U.S.C. § 2255. (Pet. at 11). Section 3582(c) authorizes a court to reduce the term of imprisonment of a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after considering the factors enumerated in section 3553(a) to the extent they apply. *See* 18 U.S.C. § 3582(c)(2). Although the Court may sua sponte grant a motion under section 3582, the Court declines to do so in the absence of briefing by both parties in light of the circumstances of this case.

7

## IV. CONCLUSION & ORDER

In light of the above, the Court **DENIES** the Petition and further, finds that the issues presented in the Petition were neither debatable among jurists of reason, nor would another court resolve the issues in a different manner. Accordingly, a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 10, 2020

Hon. M. James Lorenz
United States District Judge

8

14-cr-0312-L
18-cv-2907-L