UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO RIVERA CASANOVA,<br><br>Defendant. | Case No.:  14-CR-0312 L<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)[ECF NO. 86.], and**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT [ECF NO. 88.]** |

On July 9, 2020, Defendant Casanova filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 requesting compassionate release in light of the COVID-19 emergency, which the Court construes as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. The Government filed a response in opposition to Defendant's Motion on August 25, 2020.

In his Motion, Casanova requests a reduction of his sentence to time-served or home confinement, arguing that many of the inmates where he is incarcerated have contracted the COVID-19 virus.  (Motion at 4). Defendant does not state whether he has any underlying medical conditions which make him particularly vulnerable to COVID-

1

19, or whether he has contracted the virus.   Instead, he contends that he will be transferred to Immigration Customs ICE custody when he is released, and then deported to Mexico, but that many ICE detainees have contracted COVID-19.  (*Id*. at 3).  He argues that by obtaining an early release, he will be deported to Mexico which will transfer the costs of any medical care he requires to the Mexican government instead of the United States government.  (*Id*. at 3-4).  The Government opposes Defendant's request, arguing that his Motion should be denied because he has not exhausted administrative remedies and that the Court has no authority to order home confinement. (Oppo. at 1).

Under 18 U.S.C. § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

The Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met. *See, e.g. Gallo Cattle Co. v. U.S. Dep't of Agric*., 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *see also*, *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020); *United States v. Valladares*, 2020 WL 2062252, (S.D. Cal. April 29,

2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal. April 18, 2020) (The futility exception "only applies to judicially created exhaustion requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020); *United States v. Fuentes*, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020).

There is no evidence that Defendant has exhausted his administrative remedies, therefore, this Court has no jurisdiction to entertain his claims. Further, the Court lacks authority to grant home confinement under section 3582. Under 18 U.S.C. § 3624(c), extended under the Coronavirus Aid, Relief, and Economic Security Act (the C.A.R.E.S. Act; P.L. 116-136), the BOP may authorize home confinement at the end of a prisoner's sentence and the Court may make a recommendation to the BOP that a defendant receive that relief, but it is not within the Court's purview to grant that adjustment to Defendant's sentence.

For the foregoing reasons, the Court **DENIES** Defendant's Motion without prejudice. Defendant's Motion for Appointment of Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: September 1, 2020

Hon. M. James Lorenz
United States District Judge